UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
SYLVESTER TWINE, *pro se*,                  :
                                            :
                     Petitioner,            :
                                            :         **SUMMARY ORDER**
            -against-                       :         12-CV-227 (DLI)
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
                     Respondent.            :
                                            :
----------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

By petition filed January 13, 2012, *pro se* petitioner Sylvester Twine ("Petitioner") seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2255 ("Section 2255"). Petitioner now moves this court to recuse itself from hearing or ruling on Petitioner's Section 2255 petition. (*See* Mot. to Compel Resp. to Pet'r's Mot. to Recuse ("Pet'r's Mot."), Doc. Entry No. 8.) Petitioner also requests a copy of the docket sheet of his Section 2255 petition. (*Id.*) For the reasons set forth below, Petitioner's motion to compel this court to recuse itself is denied. However, Petitioner's docket sheet request is granted.

I.  **Legal Standard**

The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). In liberally construing Petitioner's motion, it appears he moves to disqualify this court from ruling on his Section 2255 petition pursuant to 28 U.S.C. § 455 (a) which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify

himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit has stated that, in evaluating a motion for recusal, the court must ask the following question: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico*, 486 F. 3d 764, 775 (2d Cir. 2007) (internal citations omitted).

## II. Discussion

In light of Petitioner's *pro se* status, this court has thoroughly reviewed the entirety of Petitioner's Section 2255 motions for any indication of why Petitioner concludes the court should recuse itself. Despite this careful review, the court finds that Petitioner has not alleged one fact, or articulated one reason, as to why this court's impartiality could reasonably be questioned. (*See generally* Doc. Entry Nos. 1, 6, 7, 8, 9.) Instead, Petitioner simply provides citations to two cases and asserts they constitute "direct authority" for his motion. (*See* Pet'r's Mot. (citing *Hudson v. Parker*, 156 U.S. 277, 288 (1895) and *Apple v. Jewish Hosp. and Medical Center*, 829 F. 2d 326, 333 (2d Cir. 1987).)

Neither case cited by Petitioner provides support for his recusal motion. In *Hudson*, the petitioner sought a *writ of mandamus* to compel the district court to approve his request to be released on bond pending the outcome of his appeal. *See Hudson*, 156 U.S. at 277-78. As such, the issue in *Hudson* was whether the district court could be compelled to act where it refused to approve the bond request. *See id.* at 289. *Hudson* does not address recusal motions and, accordingly, is inapposite. *Apple* does address recusal motions; particularly the timeliness requirements of recusal motions. *See Apple*, 829 F. 2d at 333-34. However, *Apple* lends no

support to the instant motion where, as here, Petitioner fails to set forth any facts whereby an objective party could conclude that this court's impartiality might reasonably be questioned. *Id*. at 333 ("[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned.").

Here, Petitioner simply fails to allege a single fact, either in the instant recusal motion, or elsewhere in his Section 2255 petition, which might reasonably question this court's impartiality. Moreover, this court has no reservation whatsoever that it can rule on Petitioner's Section 2255 petition fairly and impartially. Accordingly, Petitioner's motion to compel this court to recuse itself from ruling on his Section 2255 petition is denied.

### III.   Conclusion

For the foregoing reasons, Petitioner's recusal motion is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order and a copy of the docket sheet in this case to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
         July 18, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge